IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT COPES | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. DKC-11-2827 |
| MICHAEL STOUFFER, | * | |
| BOBBY P. SHEARIN, | | |
| BRUCE LILLER, and | * | |
| LAURA MOULDEN | | |
| | * | |
| Defendants | | |

*\*\**

## MEMORANDUM OPINION

The above-captioned case was filed on October 3, 2011. Plaintiff seeks injunctive relief in the form of a transfer to a transitional re-entry psychiatric program at Patuxent Institution in anticipation of his release from prison in 2013. ECF No. 1. Plaintiff states he is diagnosed with bipolar disorder with psychotic issues associated with manic episodes and that he is currently receiving psychiatric medications including Nortriptyline, lithium carbonate, and Risperdal. *Id.*

Plaintiff filed a complaint raising identical claims earlier this year. *See Copes v. Warden*, Civil Action DKC-11-215 (D. Md. 2011). That case was dismissed on February 18, 2011, after Counsel for the Division of Correction was required to show cause why Plaintiff's request for injunctive relief should not be granted. In dismissing the case this court noted that:

> Plaintiff seeks transfer to institutions apparently not suited for his unique circumstances. ECF No. 1, 3 and 5. Other than his bald allegations that staff are corrupt, there is no evidence that Plaintiff's serious psychiatric needs are being ignored. While Plaintiff states that others have been assaulted by gang members, he does not allege that there is a specific risk of harm to him posed by other inmates housed in the SNU which are not being addressed by staff. Given that Plaintiff is currently receiving psychiatric care and that there are plans to address his needs when he is

>closer to being released, an injunction requiring his immediate transfer is not warranted.

*Id*. at ECF No. 6 at p. 3.

Given that Plaintiff is still two years from his anticipated release date and that only six months have elapsed since the prior case was adjudicated, the instant restatement of the same claim must be dismissed without requiring another response from counsel for the Division of Correction. The evidence produced in the prior case established that Plaintiff is receiving psychological services for his mental health issues. It is also clear from the face of the instant Complaint that Plaintiff is still receiving medication for his illness and that he is still confined to Patuxent Institution where he was being treated. Absent a showing that he is not receiving adequate mental health care, the Complaint at most asserts a claim of entitlement to a particular program or to be housed in one prison verses another.

It is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in a particular prison, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.

To the extent Plaintiff claims he is the victim of discrimination barred by the Americans with Disabilities Act, the claim is a bald assertion without explanation as to how he is deprived of services based on his disability. Again, the response from Defendants in the prior case made

clear that Plaintiff has not been denied access to services to which he is entitled. Rather, he simply is not eligible for a transfer to the program until he is closer to his release date.

A separate Order dismissing the Complaint without prejudice follows.


Date:   October 14, 2011                          /s/
                                         DEBORAH K. CHASANOW
                                         United States District Judge